```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
BETH HERNANDEZ,                                             :
                                                            :
                 Plaintiff/Counterclaim Defendant,          :
                                                            :    06 Civ. 13314 (GEL)
     -against-                                              :
                                                            :    OPINION AND ORDER
INTERCOS AMERICA, INC.,                                     :
                                                            :
                 Defendant/Counterclaim Plaintiff.          :
                                                            :
------------------------------------------------------------x
```

Elaine Smith, Lewis, Clifton & Nikolaidis, P.C., New York, New York, for plaintiff and counterclaim defendant.

Dennis A. Lalli, Kauff McClain & McGuire LLP, New York, New York, for defendant and counterclaim plaintiff.

GERARD E. LYNCH, District Judge:

Plaintiff originally filed this action on November 17, 2006, alleging that defendant unlawfully terminated her employment in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. Under a case management order filed on May 18, 2007, amended pleadings were permitted to be filed through June 30, 2007, and discovery was to be completed by November 30, 2007, later extended to December 31, 2007. On November 6, 2007, plaintiff moved to amend her complaint to add state-law causes of action for breach of contract and violation of New York Labor Law § 191. The motion was opposed by defendant and is fully briefed as of December 7, 2007. The motion will be granted in part and denied in part.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Such motions should typically be denied only where they will result in undue delay or prejudice, where they are made in bad faith or with a dilatory motive, or where the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). Here, there is no claim of bad faith or dilatory motive. Nor will the proposed amendment result in undue delay or prejudice. This case has not been pending very long, and only one brief discovery extension has been sought by the parties. If a short additional deposition of the plaintiff is required, a brief further extension of the discovery period will neither prejudice the defendant nor unduly delay the case. The costs of any such additional discovery will be minimal in comparison to the expense and delay that would be incurred by both parties if plaintiff brought a separate action alleging the same claims she seeks to add to this case.

Defendant also argues that the proposed amendment would be futile. With respect to plaintiff's claim under New York Labor Law § 191 for "wages" for work performed, based on defendant's incentive plan, the point is well taken. The incentive plan (which is referred to in plaintiff's amended complaint and attached to her motion, and thus may be considered in deciding whether the amended complaint would necessarily have to be dismissed, see Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)) predicates bonuses not only on an employee's meeting individual performance obligations, but also on the achievement by the company as a whole of certain goals, specifically, meeting a particular EBITDA target. (Smith Decl. Ex. D.)

New York courts have held that under the relevant provisions of the Labor Law, "[t]he term 'wages' despite its broad definition does not encompass an incentive compensation plan." Dean Witter Reynolds, Inc. v Ross, 429 N.Y.S.2d 653, 658 (1st Dep't 1980) (citation omitted). "Compensation will be found to be part of an incentive compensation plan where an employee receives a guaranteed salary and may also receive supplemental income based upon the dual performance of the employee and the business or as a result of other factors outside of the employee's control." Truelove v. Northeast Capital & Advisory, Inc., 702 N.Y.S.2d 147, 148 (3d Dep't 2000). As courts in this district have held, "[u]nder New York law, incentive compensation based on factors outside the scope of the employee's actual work is excluded from statutory coverage." Tischmann v. ITT/Sheraton Corp., 882 F. Supp. 1358, 1370 (S.D.N.Y. 1995); see also Quirk v. American Mgmt. Sys., Inc., No. 01 Civ. 6813, 2002 WL 31654966, at *2 (S.D.N.Y. Nov. 22, 2002); Int'l Paper Co. v. Suwyn, 978 F. Supp. 506, 514 (S.D.N.Y. 1997). Since eligibility under the plan invoked by the plaintiff depends in part on the achievement of corporate goals beyond the control or effort of the plaintiff herself, there is thus no basis for a statutory claim under the New York Labor Law.

The same cannot be said of plaintiff's contract claim. While defendant argues that by the plan's terms, plaintiff was required to "be an active employee . . . at time of the bonus payment" (D. Mem. 5, quoting Lalli Decl. Ex. C), the syntax of the cited provision, when read in its entirety without defendant's ellipsis, is so unclear that its meaning is hardly plain. Moreover, New York courts have held that public policy prohibits contractual provisions that would forfeit earned incentive compensation under a bonus plan. See Weiner v. Diebold Group, Inc., 568 N.Y.S.2d 959, 961 (1st Dep't 1991). The bonus plan was based on corporate and individual

performance in calendar year 2005. Plaintiff's employment terminated on or about January 6, 2006 – before the bonus was paid, but after the period in which the bonus was allegedly earned. The Court expresses no opinion on the ultimate legal and factual merits of plaintiff's contract claim. It can and does hold only that it cannot be said on the bare basis of plaintiff's proposed pleading that the claim would not survive a motion to dismiss for failure to state a claim and that amendment would therefore be futile.

The proposed amendment hardly reflects diligence on the part of plaintiff or her attorney. Plaintiff's counsel contends that she only learned the facts underlying the claim through plaintiff's deposition on October 25, 2007. (Smith Decl. ¶ 5.) But, of course, any fact that came out through plaintiff's own testimony was by definition known to plaintiff at the time the action was filed, and could have been discovered by counsel by diligent debriefing of her own client. Nevertheless, the claim is closely related to plaintiff's federal claim, which seeks payment, among other things, of bonuses lost by reason of plaintiff's allegedly discriminatory termination (see Smith Decl. Ex. A at 6; id. Ex. C at 7), and the slight delay and inconvenience resulting from permitting the amendment and considering the claim on the merits is far preferable to requiring plaintiff either to forfeit a potentially meritorious claim or to bring a separate action for the claim, which defendant concedes would be permissible (D. Mem. 7).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend is granted with respect to the proposed breach of contract claim and denied with respect to the proposed claim under New York Labor Law § 191.

SO ORDERED.

Dated: New York, New York
       December 18, 2007

_____
GERARD E. LYNCH
United States District Judge